UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CHRISTOPHER DEAN LAND, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6:18-105-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| JAMIE MOSLEY, Jailer, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Christopher Dean Land is an inmate being held at the Laurel County Correctional Center in London, Kentucky. Proceeding without an attorney, Land filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that "the respondent is being deliberately indifferent to [his] cataracts by denying [him] adequate medical treatment, which violates the Eighth Amendment prohibition on cruel and unusual punishment." [Record No. 1 at 5]. Land describes his claim as "unconstitutional restraints during lawful custody," and he asks the Court to "issue a preliminary injunction to remove the unconstitutional restraints [and] also order conditional release if unconstitutional restraints are not removed." [Record No. 1 at 8].

This Court will deny Land's habeas petition. Land's claim that he is receiving legally inadequate medical care falls outside the core of habeas corpus because it does not truly relate to the validity or duration of his confinement. *See Caudill v. Hickey*, No. 5:12-cv-007-KKC, 2012 WL 2524234, *2 (E.D. Ky. 2012) (citing *Hodges v. Bell*, 170 F. App'x

389, 392-93 (6th Cir. 2006)). Instead, his claim relates to the conditions of his confinement, and he may only pursue that claim by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] *See Caudill*, 2012 WL 2524234, at *2; *Hodges*, 170 F. App'x at 392-93. Accordingly, it is hereby

**ORDERED** as follows:

1. Land's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED** without prejudice to Land's right to assert his claim in a civil rights complaint.

2. This action is **DISMISSED**, without prejudice, and **STRICKEN** from the Court's docket.

This 6th day of April, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[1] Land's § 2241 petition does not become cognizable simply because he asks the Court to "order [his] conditional release" if the so-called "unconstitutional restraints are not removed." [Record No. 1 at 8]. After all, even if Land can establish that his medical treatment amounts to a constitutional violation, the available remedies are damages or injunctive relief. *See Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005) ("[The] habeas corpus petition would be proper if release were among the possible remedies for an Eighth Amendment deliberate indifference claim. Unfortunately for [the petitioner], it is not."); *Srivastava v. United States*, 2011 WL 3291823, *2 (E.D.N.C. 2011) (making this same point).